# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VINCENT A. GOMES,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF DEFENSE,
　　　　　　Agency.

DOCKET NUMBER
SF-0752-19-0370-I-1

DATE: May 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Christine J. Yen, Esquire, Stockton, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the agency's decision to remove the appellant based on an alleged violation of a last change settlement agreement (LCSA). On petition for review, the agency argues that the administrative judge erred in concluding that the sick leave provisions of the LCSA did not apply and that the medical documentation submitted by the appellant was sufficient. Petition for Review (PFR) File, Tab 1

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

at 12-19. It also argues that she improperly reconstituted the basis for the LCSA violation when she considered whether the appellant's documentation was fraudulent and not just administratively unacceptable, and thus, that her finding that the agency acted in bad faith was erroneous. *Id.* at 10-11. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's finding that the agency acted in bad faith when it charged the appellant with fraud, and to provide the appropriate standards of causation for the appellant's affirmative defenses, we AFFIRM the initial decision.

The administrative judge correctly found that the sick leave provisions of the LCSA do not apply. Initial Appeal File (IAF), Tab 42, Initial Decision (ID) at 13. Therefore, we agree with her conclusion that the waiver provision prohibiting an appeal of the appellant's removal to the Board does not apply. ID at 14-15; *see Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 9 (2016) (stating that a waiver of appeal rights in a LCSA should not be enforced when the appellant shows that he complied with the agreement). However, in furtherance of her finding that the waiver provision does not apply, the administrative judge also concluded that the agency acted in bad faith when it charged the appellant

with submitting fraudulent medical documentation. ID at 14-15. In its petition for review, the agency asserts that this conclusion was in error. PFR File, Tab 10-11.

By way of background, in the removal notice, the Chief of Security and Emergency Services explained the context of the LCSA and noted that the appellant's prior removal from March 29, 2017, was held in abeyance for 2 years absent any violations of the LCSA. IAF, Tab 5 at 18. He then discussed the Notice of Violation of the LCSA and explained the agency's basis for determining that the appellant violated the terms of the LCSA. *Id.* at 18-19. While not included in the Notice of Violation, the Chief of Security and Emergency Services added in the removal notice that the agency believed that a February 11, 2019 document was "fraudulent." *Id.* In the initial decision, the administrative judge construed this language as a "charge of falsification," and found that the appellant did not violate the LCSA by submitting a fraudulent medical note. ID at 14. She further concluded that the agency acted in bad faith when it charged the appellant with fraud. ID at 15.

On review, the agency argues that the administrative judge "improperly reconstituted the basis" for the LCSA violations and erroneously found that the agency acted in bad faith by charging the appellant with fraud. PFR File, Tab 1 at 10-11. We agree. In the LCSA, the parties agreed that, if the appellant failed to follow the agreement at any time during the 2-year period, the appellant "will be immediately removed from Federal service." IAF, Tab 5 at 50. Elsewhere, the LCSA also provided that, if an alleged violation of the agreement, as detailed in a Notice of Violation, is substantiated, the appellant will be issued a written decision regarding the violation and will not receive a new proposed removal or new 30-day advanced notice. *Id.* at 54. In *Lizzio v. Department of the Army*, the U.S. Court of Appeals for the Federal Circuit analyzed a similar agreement and concluded that an alleged breach of an LCSA is not a separate charge, but rather, an event that triggers the reinstatement of the original charge. 534 F.3d 1367,

1383, 1386 (Fed. Cir. 2008). Thus, the "charges" that served as the basis of the appellant's instant removal were the charges which brought about the LCSA in 2017, in conjunction with the violation of the LCSA. IAF, Tab 5 at 50. As such, we agree with the agency that, contrary to the administrative judge's discussion, the agency did not "charge" the appellant with falsification. ID at 14; IAF, Tab 5 at 18.

Similarly, because there was not a charge of falsification or fraud that led to the appellant's removal, we vacate the administrative judge's finding that "[t]he agency acted in bad faith when it charged the appellant with fraud." ID at 15. Although the Chief of Security and Emergency Services discusses in the decision removing the appellant the agency's belief that the February 11, 2019 document was fraudulent, it is the Notice of Violation that served the basis of the removal and that notice did not discuss fraud or falsification. IAF, Tab 5 at 26-27. Nonetheless, because we agree with the administrative judge's conclusion that the appellant complied with the terms of the LCSA, we agree with her ultimate conclusion that the LCSA's waiver provision is unenforceable. ID at 14-15; IAF, Tab 50, 54.

Additionally, the appellant raised below the affirmative defenses of reprisal for equal employment opportunity (EEO) activity, disparate treatment disability discrimination, and failure to accommodate. IAF, Tabs 19 at 2, 6, Tab 21 at 2-7. The administrative judge correctly concluded that the appellant failed to establish the EEO reprisal and disparate treatment disability discrimination claims, and concluded that the appellant was collaterally estopped from raising the failure to accommodate claim. ID at 22-28. However, we modify the initial decision with respect to the standards of causation applicable to an EEO reprisal claim based on disability discrimination, as explained below.

The appellant alleged that he filed an EEO complaint concerning the partial denial of his request for a reasonable accommodation of his disability. IAF, Tab 19 at 25-34. The administrative judge found that he failed to explain "how

his EEO complaint was a motivating factor in the agency charging him with violating the LC[S]A and removing him." ID at 24. However, in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 46-47, the Board found that, for an appellant to establish a claim of reprisal for EEO activity based on a disability, he must show that his request for a reasonable accommodation, which is protected under the under the Rehabilitation Act, was a but-for cause of the agency action. Because the administrative judge correctly concluded that the appellant failed to meet the lower standard of motivating factor, we find that he could not have met the higher but-for standard. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 32 (modifying an initial decision to recognize that the more stringent but-for standard applied because an employee's EEO reprisal claim arose under the Rehabilitation Act, while affirming the administrative judge's conclusion that the employee failed to satisfy even the lesser motivating factor standard). As such, we affirm the administrative judge's ultimate conclusion but modify the initial decision to include the appropriate standard of causation.

## ORDER

We ORDER the agency to cancel the appellant's removal and to restore the appellant effective March 26, 2019. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due,

and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.   Detailed explanation of request.
    c.   Valid agency accounting.
    d.   Authorized signature (Table 63).
    e.   If interest is to be included.
    f.   Check mailing address.
    g.   Indicate if case is prior to conversion.  Computations must be attached.
    h.   Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

a.   Must provide same data as in 2, a-g above.
b.   Prior to conversion computation must be provided.
c.   Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.